744 F.2d 1063
 PROMOVISION INTERNATIONAL FILMS, LTD., Appellant,
v.
Philip TRAPANI, Individually and in his official capacity as
City Attorney for the City of Norfolk, Virginia; Lydia
Taylor, Individually and in her official capacity as an
Assistant City Attorney for the City of Norfolk, Virginia
and Hugh L. Stovall, in his official capacity as Clerk,
Circuit Court for the City of Norfolk, Virginia, Appellees.
 No. 83-1836.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 7, 1984.
Decided Oct. 4, 1984.
 
 John R. Pagan, Williamsburg, Va., John M. Levy, Richmond, Va. (Jermiah A. Denton, III, Virginia Beach, Va., on brief), for appellant.
 Harold P. Juren, Deputy City Atty., John Franklin, III, Norfolk, Va., for appellees.
 Before WIDENER, SPROUSE and ERVIN, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 Plaintiff Promovision International Films, Ltd., (Promovision) appeals the judgment of the district court dismissing its action under 42 U.S.C. Sec. 1983. Promovision seeks the return of a motion picture which it owns. We vacate the judgment of dismissing the case against the defendant Stovall and remand for further proceedings on Promovision's First Amendment claim under 42 U.S.C. Sec. 1983.
 
 
 2
 Promovision is the exclusive distributor of the motion picture Taxi Zum Klo in the United States and is the owner of the copy of this motion picture at issue here. Promovision granted a license to Naro Expanded Cinema in Norfolk, Virginia, a subsidiary of Art Repertory Films, Inc., to show this motion picture on October 5, 1982. Pursuant to a search warrant, Norfolk police seized this copy of the motion picture from Naro's premises on that date, and a grand jury subsequently indicted Art Repertory Films, Inc., trading as Naro Expanded Cinema, for violating Norfolk City Code Sec. 28-5(1), which makes it unlawful for any person knowingly to promote or present the exhibition of an obscene motion picture. Art Repertory Films, Inc., pleaded guilty in the Circuit Court of the City of Norfolk to one count of violating this statute, having stipulated in that case that the motion picture was obscene. It was found guilty on November 12, 1982, and paid a fine of $250. Promovision claims that it had no notice of the criminal proceedings against Art Repertory Films, Inc., and had no opportunity to litigate the obscenity issue. The clerk of the state Circuit Court, defendant Stovall, refused to return the motion picture to Promovision absent an order of that court, and the city attorney informed Promovision of his view that the motion picture could not be returned.
 
 
 3
 Promovision on January 18, 1983, filed this action against Stovall, Trapani, and Taylor (the city attorney and his assistant) alleging that retention of the motion picture deprived Promovision of its liberty and property without due process of law, deprived Promovision of its right under the First and Fourteenth Amendments to distribute and exhibit the motion picture, and violated Virginia Code provisions for obscenity determinations against third parties. The district court refused to dismiss the action at defendants' instance, but "abstain[ed] from further consideration of this matter until such time as the plaintiff has had an opportunity to seek relief in the state court," that is, "to utilize procedures established by the Circuit Court for the City of Norfolk, Virginia, for the return of its property."
 
 
 4
 Promovision then made a motion in the Circuit Court of the City of Norfolk requesting return of the motion picture and reserved its right to have its federal claims determined in federal court under England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Promovision had filed a similar England reservation in the district court.[1] The motion for return of the motion picture was denied by the state court, apparently on the grounds that the motion was untimely and that the state court could or would not change its prior finding that the motion picture was obscene and contraband. That court, however, did not order the film destroyed as it might have, obviously looking to the pending federal proceeding. Promovision then returned to federal court.
 
 
 5
 The district court granted defendants' motion for summary judgment and dismissed the action. It found that the state procedures available for seeking return of the film were adequate, and thus that under Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), Promovision had not been deprived of its rights under the Fourteenth Amendment without due process of law. The district court also dismissed Promovision's First Amendment claim on the ground that Promovision had had the opportunity to raise this issue in state court and had not done so.
 
 
 6
 On appeal, Promovision has abandoned its claims against defendants Trapani and Taylor, abandoned its claims for damages, and has abandoned its due process claims.[2] It has not abandoned its claim for declaratory and injunctive relief. In short, Promovision has appealed only the grant of summary judgment for defendant Stovall on its First Amendment claims under 42 U.S.C. Sec. 1983 with respect to injunctive and declaratory relief. It only asks that the film be returned.
 
 
 7
 The status of the case as of the time the district court abstained follows. The court could not have been requiring the plaintiff to exhaust its state judicial remedies. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961). Abstention under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), on principles of comity with regard to pending state proceedings contemplates outright dismissal of the case and the presentation of all issues, state and federal, to the state courts, Gibson v. Berryhill, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973). But the district court specifically refused to dismiss the case. Retention of jurisdiction by a federal court while the parties resolve state law issues in a state court is the procedure appropriate for abstention under Railroad Commission v. Pullman Co., 312 U.S. 496, 501-02, 61 S.Ct. 643, 645-46, 85 L.Ed. 971 (1941), but under this variety of abstention a party may reserve the right to return to federal court for disposition of its federal issues under England v. Louisiana State Board of Medical Examiners, 375 U.S. at 421, 84 S.Ct. at 467. We think we must consider the district court's action to be an abstention under Pullman.
 
 
 8
 The plaintiff followed the explicit instructions of the district court. It repaired to the Circuit Court of the City of Norfolk and presented its claim to no avail. As mentioned, in the proceeding in the state court, it filed its England reservation reserving for the federal courts the determination of its First Amendment claims. This it had a right to do.
 
 
 9
 The error of the district court, upon the return of the plaintiff to that court, was that it did not recognize that the England reservation permitted the plaintiff to submit the merits of its First Amendment claims to the federal courts in the first instance. If we were to sustain the action of the district court in this case, we would simply be refusing to give effect to the England reservation. This, of course, we may not do.
 
 
 10
 The judgment of the district court is accordingly vacated and the case is remanded to the district court for consideration of the plaintiff's First Amendment claims. We express no opinion on their merits.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 [1]
 An England reservation is correctly described in Wright, Federal Courts, (4th Ed. 1983), p. 306-307: "Thus in the England case, the Court announced that though a litigant may submit all aspects of the case for a binding adjudication by the state court, he is not required to do so. Any party may make on the state record his reservation to the disposition of the entire case by the state courts, by informing them that he is exposing his federal contentions only as a matter of information, and that he intends to return to the federal court for disposition of the federal contentions."
 
 
 [2]
 Promovision does not appeal the finding of the district court that there was no due process violation, which was based on a finding that there were adequate state procedures to redress this deprivation of property. Promovision also does not appeal the dismissal of its claim under Virginia law